**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

DONTE JAMAR GWYNN, #1363175,

                Petitioner,

v.                                    ACTION NO. 2:13cv74

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends dismissing the petition for writ of habeas corpus as barred by the statute of limitations.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Donte Jamar Gwynn ("Gwynn") is confined pursuant to a judgment entered July 30, 2009 following convictions in the Circuit Court for the City of Newport News for second-degree murder and use or display of a firearm in the commission of murder. *Commonwealth v. Gwynn*, Nos. 609-08 and 610-08 (Va. Cir. July 30, 2009). Gwynn was sentenced to serve forty-three years in the Virginia penal system. Gwynn's direct appeal of his convictions to the Virginia Court of Appeals was denied by a three-judge panel on May 18, 2010. *Gwynn v. Commonwealth*, No. 1874-09-1 (Va. Ct. App. May 18, 2010). The Supreme Court of

Virginia refused Gwynn's appeal on October 7, 2010. *Gwynn v. Commonwealth*, No. 100988 (Va. Oct. 7, 2008).

Gwynn filed a petition for writ of habeas corpus in the Circuit Court for the City of Newport News on September 13, 2011, which was dismissed on January 30, 2012. *Gwynn v. Commonwealth*, No. CR11H1763-00 (Va. Cir. Jan. 30, 2012).   The Supreme Court of Virginia refused Gwynn's appeal of the dismissal on August 8, 2012. *Gwynn v. Commonwealth*, No. 120628 (Va. Aug. 8, 2012).

Gwynn, proceeding *pro se*, executed the instant federal habeas petition seeking relief under 28 U.S.C. § 2254 on January 25, 2013, which he filed in this court on February 8, 2013. ECF No. 1. In the petition, Gwynn alleges the following entitle him to relief:

(I)     he was denied effective assistance of counsel due to counsel's failure to conduct any meaningful independent investigation;

(II)    he was denied effective assistance of counsel due to counsel's failure to prepare a defense at trial;

(III)   he was denied effective assistance of counsel due to counsel's failure to object to the identification at trial;

(IV)    he was denied effective assistance of counsel due to counsel's failure to object to the defective indictments;

(V)     he was denied effective assistance of counsel due to counsel's failure to raise certain issues on appeal;

(VI)    he was denied his due process rights due to prosecutorial misconduct; and,

(VII)   he was denied his due process right to a fair trial.

Pet. 5; Pet'r's Br. In Supp. of Pet. 1-103; ECF No. 1 at 5-6, 18-141.

Respondent's Rule 5 Answer, and Motion to Dismiss the petition were filed March 26, 2013. ECF No. 6.   Gwynn responded to the Motion to Dismiss on April 9, 2013. ECF No. 11.

Gwynn's Motion for an Evidentiary Hearing (ECF No. 12) is DENIED, as purely legal questions are presented in the petition. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Gwynn's petition is barred by the federal habeas statute of limitations.   The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012).   The statute provides that Gwynn must file his federal habeas claim within one year following the conclusion of direct review, or expiration of the time allowed for seeking direct review.   However, if Gwynn properly filed a petition for state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (emphasis in original).   Filing a state petition does not restart the federal limitations period.

The Supreme Court of Virginia refused Gwynn's direct appeal on October 7, 2010. Gwynn's conviction became final ninety days later on January 5, 2011, at the expiration of his time

to file a petition of certiorari with the United States Supreme Court. 28 U.S.C. §2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that a notice of appeal must be filed within 90 days after entry of final judgment). *See also Harris*, 209 F.3d at 328 n.1 (holding judgment became final when 90-day period for filing a petition for certiorari with the United States Supreme Court expired). Consequently, Gwynn's one-year federal limitations period began running on January 5, 2011. 28 U.S.C. § 2244(d)(1).

The limitations period was tolled after 237 days on August 30, 2011, when Gwynn executed the state habeas petition he then timely filed in the Circuit Court for the City of Newport News on September 13, 2011.   While Gwynn's petition was pending in state court, the time for filing a federal habeas petition remained tolled.   The state petition was dismissed on January 30, 2012, and Gwynn appealed the decision to the Supreme Court of Virginia.   The Supreme Court of Virginia refused Gwynn's petition for appeal on August 8, 2012.   Accordingly, the 128 days left in Gwynn's federal limitations period began to run again on August 8, 2012.

The time for Gwynn to file a federal habeas petition expired on December 14, 2012. Gwynn's federal petition was not executed until January 25, 2013.   Therefore, Gwynn's federal habeas petition is time-barred, and thus the merits of the petition cannot be addressed by this Court.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends Respondent's Motion to Dismiss (ECF No. 6) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED as barred by the federal statute of limitations.

## IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.   A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____<br>
Tommy E. Miller<br>
United States Magistrate Judge

Norfolk, Virginia
November 20, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Donte Jamar Gwynn, #1363175
Red Onion State Prison
P.O. Box 970
Pound, VA   24279


Steven A. Witmer, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By _____
       Deputy Clerk

November 20 , 2013

6